IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, </br></br> Plaintiff, </br></br> v. </br></br> HELIA HEALTHCARE OF SALEM, LLC D/B/A DOCTORS NURSING AND REHABILITATION CENTER, </br></br> Defendant. | CIVIL ACTION NO. </br></br> C O M P L A I N T </br> JURY TRIAL DEMAND |

NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA"); Title VII of the Civil Rights Act of 1964 ("Title VII"); and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices and provide appropriate relief to an employee ("Aggrieved Individual") who was adversely affected by such practices. As alleged with greater particularity below, Plaintiff U.S. Equal Employment Opportunity Commission (the "Commission" or "EEOC") alleges that since at least 2019, Defendant Helia Healthcare of Salem, LLC d/b/a Doctors Nursing Rehabilitation Center ("Defendant" or "Helia") engaged in discrimination in violation of the ADA when it failed to accommodate the Aggrieved Individual's need for an unpaid leave of absence, and discrimination in violation of Title VII when it subjected the Aggrieved Individual to sexual harassment and then retaliated against her when she complained of the harassment, resulting in her termination. In the alternative, Defendant's denial of an accommodation under the ADA amounted to constructive discharge.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Illinois.

## PARTIES

3. Plaintiff, the U.S. Equal Employment Opportunity Commission (the "Commission" or "EEOC"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. The Commission is also charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

5. Defendant, Helia Healthcare of Salem, LLC d/b/a Doctors Nursing and Rehabilitation Center ("Defendant" or "Helia"), operates skilled nursing facilities and rehabilitation centers in Illinois and Missouri.

6. At all relevant times, Defendant, an Illinois corporation, has continuously been doing business in the State of Illinois and the City of Salem.

7. At all relevant times, Defendant has continuously had at least 15 employees.

8. At all relevant times, Defendant has continuously been an employer engaged in an

industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C.§§ 12111(5), (7).

9. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

10. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

11. More than thirty days prior to the institution of this lawsuit, the Aggrieved Individual filed EEOC Charge No. 440-2019-02673 with the Commission alleging violations of the ADA and Title VII by Defendant.

12. On June 27, 2024, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant discriminated against the Aggrieved Individual based on her disability by not providing her with a reasonable accommodation and constructively discharging her, in violation of the ADA; that Defendant discriminated against the Aggrieved Individual because of her sex, female, when she was subjected to sexual harassment, in violation of Title VII; and that Defendant retaliated against the Aggrieved Individual for engaging in protected activity when she was discharged, in violation of Title VII.

13. The Commission invited Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

14. The Commission engaged in communications with Defendant to provide it with the opportunity to remedy the discriminatory practices described in the Letter of Determination.

15. The Commission was unable to secure from Defendant a conciliation agreement

acceptable to the Commission.

16. On July 8, 2024, the Commission issued to Defendant a Notice of Failure of Conciliation.

17. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

18. Since at least January 2019, Defendant has engaged in unlawful employment practices at Doctors Nursing Rehabilitation Center in Salem, IL, in violation of Section 107(a) of the ADA, 42 U.S.C. § 12117(a), by Section 706(f)(1) and (3) of Title VII, 42 U.S.C.§ 2000e-5(f)(1) and (3), and by Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

19. Since at least January 2019, Defendant has engaged in unlawful employment practices at its Salem, Illinois facility in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1). These practices included, but were not limited to, subjecting the Aggrieved Individual to harassment based on sex, including unwanted sexual touching and attempted touching. In particular:

    (a) On or about July 2018, Defendant hired the Aggrieved Individual as a Licensed Practical Nurse.

    (b) On at least two occasions in or around January 2019, the Aggrieved Individual's supervisor, Director of Nursing Tony Greene, subjected the Aggrieved Individual to unwanted touching and attempted touching of a sexual nature.

    (c) Defendant was aware of the harassment because the Aggrieved Individual reported the harassment to a manager and asked her to address it.

    (d) Defendant unreasonably failed to prevent or remedy the harassment. Even after Defendant received reports of the harassment, Defendant did not conduct an adequate investigation and did not take disciplinary or other remedial action

      against the harasser.

20. In or around March 2019, Defendant engaged in unlawful employment practices at its Salem, Illinois facility in violation of Section 107(a) of the ADA, 42 U.S.C. § 12117(a). These practices included, but are not limited to, denying the Aggrieved Individual a reasonable accommodation. In particular:

(a) In or around September 2018, the Aggrieved Individual sustained an injury to her left ankle. The ankle injury substantially limited the major life activity of walking from September 2018 until approximately May 2019, when she recovered from ankle surgery.

(b) In or around September of 2018, the Aggrieved Individual informed Tony Greene, office administrator Sherry Baker, and office manager Tina Byars that she had an ankle injury and would eventually need surgery.

(c) The Aggrieved Individual continued to work for Defendant and successfully performed the essential functions of her position after sustaining her ankle injury.

(d) On March 12, 2019, the Aggrieved Individual met with Byars and Greene and told them she needed to have an ankle surgery soon and requested an unpaid, four-to-six week leave of absence.

(e) Byars and Greene told the Aggrieved Individual that she was not eligible for a leave of absence and said she would need to quit her job and reapply after her surgery. They told her she might be rehired, but only if her job were still available.

(f) By refusing to grant her an unpaid leave of absence, or any other accommodation that would have permitted her continued employment, Defendant denied a reasonable accommodation to the Aggrieved Individual.

21. Since at least January 2019, Defendant has engaged in unlawful employment practices at its Salem, Illinois facility in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a). These practices included, but were not limited to, discharging the Aggrieved Individual in retaliation for complaining about sexual harassment. In particular:

   (a) As described above, the Aggrieved Individual reported unlawful sexual harassment.

   (b) Defendant failed to address or remedy the harassment.

   (c) Instead, Defendant retaliated against the Aggrieved Individual for engaging in this protected activity by barring her from the premises and ending her employment.

22. In the alternative to the retaliatory discharge claim described above, Defendant engaged in unlawful employment practices at its Salem, Illinois facility in violation of Section 107(a) of the ADA, 42 U.S.C. § 12117(a). These practices included, but are not limited to, constructively discharging the Aggrieved Individual by denying her a reasonable accommodation. In particular:

   (a) As described above, in or around March 2019, Defendant informed the Aggrieved Individual that it would not grant her an unpaid leave.

   (b) As a result, had the Aggrieved Individual not resigned, a reasonable person in her position would have believed that she would have been terminated due to her upcoming absence.

   (c) Defendant's denial of unpaid leave for a medically required surgery therefore left the Aggrieved Individual with no option but to resign.

   (d) Defendant's actions resulted in the constructive discharge of the Aggrieved Individual.

23. The effect of the practices complained of above has been to deprive the

Aggrieved Individual of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability, because of her sex, and/or because she engaged in protected activity.

24. The unlawful employment practices complained of above were intentional.

25. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of the Aggrieved Individual.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in any employment practices which discriminate on the basis of disability, including failure to accommodate disability.

B. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in any employment practices which discriminate on the basis of sex, including sexual harassment.

C. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from retaliating against employees who oppose discrimination.

D. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

E. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

    F.    Order Defendant to make whole the Aggrieved Individual, by providing appropriate backpay, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of the Aggrieved Individual.

    G.    Order Defendant to make whole the Aggrieved Individual, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

    H.    Order Defendant to make whole the Aggrieved Individual, by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including emotional pain and suffering, inconvenience, and humiliation, in amounts to be determined at trial.

    I.    Order Defendant to pay the Aggrieved Individual punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

    J.    Order Defendant to pay the Aggrieved Individual prejudgment interest.

    K.    Grant such further relief as the Court deems necessary and proper in the public interest.

    L.    Award the Commission its costs of this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint that do not relate solely to equitable relief.

KARLA GILBRIDE
General Counsel

CHRISTOPHER LAGE
Deputy General Counsel

Gregory Gochanour
Regional Attorney

Justin Mulaire
Assistant Regional Attorney

Jeanne B. Szromba
Trial Attorney

/s/ Elizabeth B. Banaszak
Elizabeth B. Banaszak
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Chicago District Office
230 S. Dearborn Street Chicago, IL 60604
312-872-9676
Elizabeth.Banaszak@eeoc.gov