**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) | |
| **Plaintiff,** | ) | **Case No. 3:24-cv-2152-DWD** |
| **vs.** | ) | |
| **HELIA HEALTHCARE OF SALEM, LLC, d/b/a DOCTORS NURSING AND REHABILITATION CENTER,** | ) | |
| **Defendant.** | | |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

This matter is before the Court on Plaintiff's Motions *in Limine* (Doc. 53) and Defendant's Motions *in Limine* (Doc. 50, 51, 52).

On motions *in limine*, the movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground "for any purpose." *Plair v. E.J. Brach & Sons, Inc.*, 864 F. Supp. 67, 69 (N.D. Ill. 1994). The court may deny a motion *in limine* when it "lacks the necessary specificity with respect to the evidence to be excluded." *Nat'l Union Fire Ins. of Pittsburgh v. L.E. Myers Co. Group*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996). Moreover, the court may alter an *in limine* ruling based on developments at trial or sound judicial discretion. *Luce v. United States*, 469 U.S. 38, 41, (1984). "Denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will be admitted at trial." *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F. Supp. 1398, 1401 (N.D. Ill. 1993). Denial only means that the court cannot decide admissibility outside the context

of trial. *Plair*, 864 F. Supp. at 69. A court may reserve judgment until trial, so that the motion *in limine* is placed "in an appropriate factual context." *Nat'l Union*, 937 F. Supp. at 287. Stated another way, motion *in limine* rulings are "subject to change when the case unfolds" at trial. *Luce*, 469 U.S. at 41.

At the outset, the Parties are **ORDERED** to ensure their client(s) and witnesses are aware of and understand the following orders on the Motions *in limine*.

With these principles in mind, the Court rules as follows.

## DISCUSSION

### A. Plaintiff's Motions *in Limine*

#### 1. *Motion in Limine to Sequester all witnesses at trial* (Doc. 53).

Plaintiff's Motion *in Limine* No. 1 seeks the Court to sequester all witnesses at trial. The Motion is **GRANTED** without objection. All witnesses will be sequestered from attending the trial or being present in the courtroom prior to the completion of their testimony in accordance with Federal Rule of Evidence (herein "FRE") 615(a).

#### 2. *Motion in Limine to Permit Plaintiff to Examine Specific Witnesses Using Leading Questions* (Doc. 53)

Plaintiff's Motion *in Limine* No. 2 seeks permission for Plaintiff to examine certain witnesses, namely Sherry Baker and Tina Byars, during its case-in-chief using leading questions. The court "should allow leading questions . . . when a party calls . . . a witness identified with an adverse party." Fed. R. Evid. 611(c)(2). The Motion is **GRANTED** without objection.

3. ***Motion in Limine to Exclude Evidence and Testimony that Smith Impersonated a Resident's Family Member or "Liked to Tell Stories"* (Doc. 53).**

Plaintiff's Motion *in Limine* No. 3 seeks to exclude testimony and statements of Greene. More specifically, Greene testified in his deposition and demonstrated in documents produced, that he claims that Smith called a hospital posing as the daughter of a resident at another facility, alleging that the hospital called and complained to Greene about Smith. (Doc. 53, p. 4). Greene also testified that Smith "liked to make up stories about other people and get them in trouble." (Greene Dep. 40:19-42:4) Smith denies the allegations. (Smith Dep. 43:13-21) Plaintiff argues that the evidence and testimony are inadmissible under FRE 802, 608, and 404(b). Defendant objects to the motion claiming the "evidence regarding such is not hearsay, the witnesses have firsthand knowledge, and the restrictions on character evidence do not prevent introduction and admissibility." Doc. 55, p. 2) Defendant goes on to suggest that they "should be permitted to elicit testimony in regard to the alleged call and present evidence that establishes what its witnesses, including Anthony Greene ("Greene"), heard in regard to the alleged call because Defendant will not offer such evidence to prove that the call happened." (Doc. 55, p. 2) Defendant continues: "[r]ather, any circumstances such evidence or testimony would be offered to prove that Greene had heard it. Similarly, it may be offered not for its truth, but to show its effect on Greene." *Id.*

What appears of record is that Greene learned of Smith's alleged call only because the hospital called and allegedly made a complaint about her to him. (Greene Dep. 40:21-41:13) As Plaintiff argues, there is nothing to suggest that he had any firsthand

involvement in the alleged Smith's phone call to the hospital posing as a family member of a resident.

Testimony regarding whether Greene received such a phone call from the Hospital would not be hearsay if he were to so testify because he presumably has personal knowledge of the event. However, as the record presently demonstrates, his testimony about what the caller said to him regarding Smith's conduct in acting as an imposter would be hearsay if offered for the truth of the matter asserted. Defendants claim, however, that they would not be eliciting the evidence for the truth of the matter asserted but rather its "effect" on Greene's hearing it.

Hearsay is an out-of-court statement offered to prove the truth of the matter asserted. Fed. R. Evid. 801. Hearsay is generally inadmissible. Fed. R. Evid. 802; *but cf. Junior v. Anderson*, 724 F.3d 812, 814 (7th Cir. 2013) ("[t]estimony of what one heard, as distinct from testimony to the truth of what one heard, is not hearsay."). Defendant argues, however, that the report made to Greene may be offered to show its effect on him. (Doc. 55, pg. 2). Defendant cites to *United States v. Graham* for the proposition that "[s]tatements introduced to show their effect on the listener are not offered to prove the truth of the matter asserted and therefore are not hearsay." 47 F.4th 561, 567 (7th Cir. 2022). However, Defendant then goes on to state that the evidence "will describe the phone call from the hospital to Greene." (Doc. 55, pg. 6) and, importantly, he does not offer how the "effect" of the phone call is relevant to or probative of any fact that touches upon a claim or defense in this case. This is significant because *Graham* also stands for the propositions that "[a] statement is offered to show an effect on the listener only if the

listener heard and reacted to the statement, *United States v. Gaytan*, 649 F.3d 573, 579–80 (7th Cir. 2011), and if the 'actual use' of the statement at trial was to demonstrate the listener's response, *Jones v. Basinger*, 635 F.3d 1030, 1042 n.2 (7th Cir. 2011)." *Graham*, 47 F.4th at 567. Defendant does not offer either Greene's reaction to the phone call or why his response would be relevant or probative. Accordingly, the testimony about what was said during the conversation is hearsay without exception. And, at a minimum, Greene's account of what he was told in a phone call from unknown hospital personnel about Smith being an imposter is highly prejudicial while its probative value appears to be low.

Defendant next asserts that the statements prepared by Greene immediately following the hospital calling him would be admissible as an exception to the rule against hearsay under FRE 803(6) as a record of regularly conducted activities.[1] FRE 803(6) provides for an exception to hearsay exclusion for:

> A record of an act, event, condition, opinion, or diagnosis if:
>
> (A) the record was made at or near the time by--or from information transmitted by--someone with knowledge;
>
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
>
> (C) making the record was a regular practice of that activity;
>
> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and

[1] Defendant does not include the statements at issue in their Responses but they are available at Doc. 25-2, pp. 61 and 63. Defendant has listed these same documents as Exhibits 104 and 105 in the Parties' Joint Trial Exhibit List.

(E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Rule 803. Exceptions to the Rule Against Hearsay--Regardless of Whether the Declarant Is Available as a Witness, FRE Rule 803.

Defendant argues that because the "records were prepared immediately following relevant events, were signed and dated, were "prepared for an internal investigation", and were precipitated by Baker who made it a regular practice as administrator to obtain witness statements, (Doc. 55, p. 3), they are admissible. Defendant adds that Plaintiff has not argued that the statements in question are not trustworthy. Nevertheless, the Court cannot presently find Defendant has shown that the statements of Greene meet the records exception under FRE 803(6).

First, Defendant has not shown that Greene regularly and in the course of his employment kept these records. The two records in question are dated just one day apart and are signed by Greene. Two days of notes prepared, not in the regular course of Greene's work or his routine, but at the request of his administrator as part of the latter's investigation, do not provide the necessary indicia of reliability that is assured by the "regular practice" required by FRE 803(6). *Murphy v. Caterpillar Inc.*, 140 F.4th 900, 910 (7th Cir. 2025) ("[h]ere, there is no evidence that Rampenthal regularly took notes about other employees or that he took them in years other than 2013 and 2018. Without a more substantial showing of regular practice and reliability, the desk notes are not admissible as business records."); *see also* Fed. R. Evid. 803(6) advisory committee's note ("[a]bsence of routineness raises lack of motivation to be accurate."). Further, a review of the

statements, self-serving as they are, suggests that they were requested and prepared, not in the regular course of business, but in preparation for and in anticipation of litigation or, at a minimum, the assertion of a claim. Generally, documents prepared in anticipation of litigation are not viewed with the trustworthiness necessary to be admitted under 803(6). Consequently, "[i]t is well established, though, that documents prepared in anticipation of litigation are not admissible under FRE 803(6)." *Jordan v. Binns,* 712 F.3d 1123, 1135 (7th Cir. 2013) (collecting cases).

Apart from questions of hearsay and exceptions under FRE 803(6), the content of the statements would be highly prejudicial because they contain references to what Greene thinks the "hospital wants" and what he was told by others about Smith's willingness to "retaliate". Accordingly, the Court finds that the statements identified as Defendant Exhibit 104 and 105 (Doc. 25-2, pp. 61 and 63) are replete with unredacted hearsay without exception and, as such, are inadmissible. Additionally, the Court finds the probative value from the admission of the statements would be substantially outweighed by their prejudice.

Plaintiff next asserts that testimony from Greene that Smith "liked to make up stories" should be barred as being inadmissible. Its true that extrinsic evidence of specific instances of conduct is precluded for the purpose of attacking a witness' credibility. Fed. R. Evid. 608(b). However, Fed. R. Evid. 608(a) provides "[a] witness' credibility may be attacked or supported by testimony about the witness' reputation for having a character for truthfulness or untruthfulness, or by testimony in the form of an opinion about that character." The evidence at issue is Greene's deposition wherein after being asked what

he remembered about DeeAnn Smith, responded that she was difficult and liked to make up stories to get other nurses in trouble. (Green Dep. 40:16-21). It is not entirely clear whether his conclusions are his opinions based on his observations or reports from others' observations of Smith.

Accordingly, the Court will **GRANTS** Plaintiff's Motion In Limine #3. Defendant is barred from referring to, offering or eliciting evidence in the presence of the jury about Smith liking to make up stories to get others in trouble or her surreptitiously posing as a family member during a phone call with a hospital. Further, Defendant shall not introduce into evidence, elicit testimony, or argue in the presence of the jury concerning the contents of Greene's statements, Exhibits 104 and 105.

**4. *Motion in Limine to Preclude Defendant from Making Disparaging Remarks Against Plaintiff, Plaintiff's Attorneys, Plaintiff's Position as a Federal Agency, and the Federal Government* (Doc. 53).**

Plaintiff's Motion *in Limine* No. 4 seeks to preclude Defendant from making derogatory or disparaging remarks about Plaintiff, Plaintiff's attorneys, Plaintiff's position as a federal agency, and the federal government. Defendant has no objection and requests the same preclusion apply to Plaintiff making similar remarks against Defendant and Defendant's counsel. The Motion is **GRANTED** without objection. Plaintiff is similarly precluded from making derogatory or disparaging remarks about Defendant and Defendant's attorneys.

5. ***Motion in Limine to Exclude Previously Undisclosed Evidence and Witnesses*** **(Doc. 53).**

Plaintiff's Motion *in Limine* No. 5 seeks to preclude Defendant from introducing any previously undisclosed evidence, exhibit, testimony, or witnesses required to be disclosed under Fed. R. Civ. P. 26 or requested during discovery. The Motion is **GRANTED** without objection.

6. ***Motion in Limine to Exclude Testimony Concerning Whether One Witness Believes Another*** **(Doc. 53).**

Plaintiff's Motion *in Limine* No. 6 seeks to bar testimony concerning whether one witness believes another's testimony to be truthful. The Motion is **GRANTED** without objection.

**B. Defendant's Motions *in Limine***

1. ***Motion in Limine to Bar Plaintiff from Eliciting Hearsay Testimony of Witness Tina Byars Regarding Heather Combs' Alleged Complaint About Anthony Greene*** **(Doc. 50).**

Defendant's Motion *in Limine* No. 1 seeks to preclude Plaintiff from eliciting hearsay testimony of witness Tina Byars regarding Heather Combs' alleged complaint against Anthony Greene under FRE 801(c), 401, and 403. Plaintiff offers three points on why the testimony should not be excluded: (1) the evidence is relevant as to notice and whether Defendant's response was reasonable; (2) the testimony suggests that Defendant's sexual harassment policy was not reasonably effective; and (3) FRE 403 does not support exclusion of the testimony. Hearsay is defined as any statement that "(1) the

declarant does not make while testifying at the current trial or hearing; and (2) a party offers into evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c)(1)-(2). Evidence is relevant where it "(a) has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. However, relevant evidence may be excluded where its probative value is substantially outweighed by the danger of unfair prejudice or misleading the jury. Fed. R. Evid. 403.

Here, as to the first issue of hearsay, Plaintiff claims the testimony regarding Combs' complaint about Greene to Byars is not being offered to prove the truth of the matter asserted but to prove that the complaint itself was made. *See Junior v. Anderson*, 724 F.3d 812, 814 (7th Cir. 2013) ("[t]estimony of what one heard, as distinct from testimony to the truth of what one heard, is not hearsay."). There is nevertheless a problem with the evidence. Byars, when asked about the identity of who complained to her about Greene's alleged conduct, stated "for the record this was not done in an official work capacity. This is my best friend. [Heather Combs] told me outside of work. She wanted nothing said. She handled it herself. I was not told while I was working or on the job about this." (Byars Dep. 63:16-20). Byars also stated that while she did handle "any issues that were HR-related", issues between employees was "typically handled by that department supervisor" and if they were unable to resolve it, an administrator would. (*Id.* 18:6-7, 11-12, 16). As such, the "complaint" about Greene's prior behavior appears to have been not made to Defendant directly or indirectly, nor was it made to a person in her official work capacity for the purposes of obtaining a remedy or providing notice.

The record suggests that the "complaint" was little more than talk between friends and, as evident from Combs' response to hearing of the event, she did not perceive it as an official complaint. As such, the record presently suggests that Byars' testimony has little to offer but to prove the truth of the matter asserted, that is, that Greene inappropriately touched Combs.

Regarding FRE 401 and 403, Plaintiff argues that the testimony goes to whether Helia was put on notice of the allegations and "should have known about the problem with Greene" (Doc. 56, pg. 5) as well as whether Defendant's response to harassment allegations was adequate. Plaintiff points to the joint proposed jury instructions, namely the sixth and seventh element to prove a claim of sexual harassment under Title VII, that "Defendant knew or should have known about the conduct" and "Defendant did not take reasonable steps to correct the situation or prevent harassment from recurring." The Court agrees that notice to an employer of the existence of a harassing employee is relevant in this case. However, relevant evidence may be excluded where it is introduced specifically to prove that a person acted in accordance with that trait in a specific instance. *See* Fed. R. Evid. 404(b) ("[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith."). Absent evidence that the Defendant was aware that Greene harassed Combs and failed to address the event or Greene's conduct, such evidence would only suggest that his conduct with Smith is in conformity with his "other wrongs". Such evidence is not admissible.

Accordingly, the Court GRANTS, in part, Defendant's Motion in Limine #1. Plaintiff is barred from arguing, alluding to or eliciting in the presence of the jury any evidence that Combs told Byar that she had been slapped on the backside by Greene. Further, Plaintiff is barred from arguing, alluding to or eliciting in the presence of the jury any evidence that Combs' statement to Byar effectively placed the Defendant on notice of Greene's harassment.

**2. *Motion in Limine to Bar Plaintiff from Eliciting Hearsay Testimony of Deanne Smith Regarding Co-Workers' Alleged Allegations Against Anthony Greene* (Doc. 51).**

Defendant's Motion *in Limine* No. 2 seeks to bar Plaintiff from eliciting testimony from DeeAnn Smith regarding co-workers' alleged allegations against Greene that she was unsure had been reported. *See* (Doc. 51, pg. 17, 47:11-48:12). Defendant claims Smith's testimony regarding the allegations made by her co-workers is hearsay. *See* Fed. R. Evid. 801(c); *see also Presto v. Illinois Dep't of Hum. Servs.*, No. 00 C 7429, 2003 WL 21196237, at *2 (N.D. Ill. May 21, 2003) (the court granted the defendant's motion *in limine* to preclude plaintiff from testifying that other employees had told her that they had been sexually harassed). Defendant also contends that such evidence is of low probative value and highly prejudicial, as well as confusing particularly since "Smith stated herself that she had no knowledge if either Combs or Rogers ever made a complaint regarding these allegations. (Doc. 51, p. 3)

Plaintiff makes a number of arguments in opposition. First, Plaintiff argues that the testimony is not hearsay as it is being offered to show the effect of the statement on

Smith, not to prove the truth of the matter. Plaintiff cites to *United States v. Graham*, 47 F.4th 561, 567 (7th Cir. 2022) for the proposition that "statements introduced to show their effect on the listener are not offered to prove the truth of the matter asserted and therefore are not hearsay." Plaintiff indicates that it will offer the testimony "to show the effect these reports had on Smith — that she understood herself to be working under a supervisor who she was told groped and propositioned several women in the workplace, which informed her own subjective perception that Greene's conduct toward her was a part of a hostile and abusive work environment." (Doc. 57, p. 3) Plaintiff contends that "Smith's hearing about Greene harassing other women is relevant to whether Greene's conduct was severe or pervasive of enough to create a hostile work environment." (Doc. 57, p. 4).

From the record provided, it appears that Plaintiff intends to offer into evidence at trial what Smith heard from others about Greene's conduct. Initially, Plaintiff offers that such evidence would not be offered to prove whether Greene actually engaged in the alleged conduct but then represents that it will offer the evidence of what Smith heard for the purpose of showing "whether Greene's conduct was severe or pervasive enough to create a hostile work environment." *Id*. But, according to the Plaintiff's witness list, Plaintiff will not be calling any of the witnesses who allegedly told Smith that they had been harassed. There is no doubt that there is some authority that would allow statements that might otherwise be considered hearsay if offered for the limited purpose of showing the effect on an employee. But here, Plaintiff wants to go further and offer the evidence to the jury for it to assess whether hostile environment was severe or

pervasive. It would be at that point that the evidence is no longer offered just to address the effect on Plaintiff but to support her allegations of a pervasive hostile environment. In other words, while the truth of the statements might not be at issue to show the effect of them on Smith, truth or at least competent evidence of the truth of the statement is essential when offered to show whether the hostile environment was severe or pervasive. Allowing Smith to testify as to what she heard from Combs, Rogers or "Abby" as a basis to establish whether a hostile environment actually existed or, as Plaintiff argues, to determine whether Greene's conduct was severe or pervasive enough to create a hostile work environment, would be to admit in its most basic form inadmissible hearsay evidence. In addition, to permit Smith to testify about what she heard others say about their specific interactions with Greene is highly prejudicial. At the same time, such evidence will be probative of little more than that Smith heard Greene had harassed others.

Plaintiff nevertheless argues that while the impact of second-hand harassment is obviously not as great as the impact of harassment directed at the Plaintiff, "incidents directed at others and the plaintiff…do have some relevance in demonstrating the existence of a hostile work environment" and cite *Yancick v Hanna Steel Corp*, 653 f. 3d, 532, 545 (7th Cir. 2011) But the *Yancick* court also stated:

> "However, the more remote or indirect the act claimed to create a hostile working environment, the more attenuated the inference that it had an effect on the terms and conditions of the plaintiff's workplace. *Yuknis v. First Student, Inc.*, 481 F.3d 552, 555–56 (7th Cir.2007) (If the offense is "based purely on hearsay or rumor ... it is less confrontational [and] less wounding than offense based on hearing or seeing"). Johnson's conduct toward other

> co-workers, while troubling, is insufficient to alter the conditions of Yancick's employment such that it created an abusive working environment."

Id.

Plaintiff goes on to contend that "[i]ndeed, the Seventh Circuit squarely approved the use of a coworker's out-of-court statement to the plaintiff — that a "competition" existed among employees to see who would have sex with her first — finding that it was properly admitted "for the effect that it had on" the plaintiff and not for its truth" and cited to *Cooper-Schut v. Visteon Auto. Sys.*, 361 F.3d 421, 430 (7th Cir. 2004). But in that case, the question on review was whether the District Court properly granted summary judgment in favor of the employer, which the Seventh Circuit affirmed that it did. And it determined "the district court correctly treated this evidence as hearsay—that is, an out-of-court statement offered for the truth of the matter asserted—and only let it in for the effect that it had on its listener." 361 F.3d 421, 430. Here, however, the record reflects that what Smith heard about Greene's behavior was not directed at Smith, and whatever she did hear from Combs, Rogers and "Abby", would, because of its remoteness, attenuate the inference that she experienced a hostile work environment.

Even if Smith's testimony about what she heard from Combs, Rogers and "Abbey" was not considered hearsay, FRE 403 should still preclude the testimony. Hearsay evidence of allegations of harassment made by other employees which are not known to have been reported to the employer has little probative value for proving the existence or extent of a hostile workplace. And rarely can evidence cause more prejudice than hearsay evidence which forces a defendant to try to bring to court proof to disprove

the accuracy of a hearsay statement. The defendant is left without the ability to test through cross examination the declarant's credibility, memory or sincerity. Moreover, the testimony would likely mislead or confuse the jury in addition to prejudicing the Defendant. *E.g., Manuel v. City of Chicago*, 335 F.3d 592, 597 (7th Cir. 2003) ("the potential for confusing or even misleading the jury by engaging in a series of mini-trials over the other accusations of discrimination by [supervisor] was significant.").

Plaintiff additionally argues that the testimony is relevant as evidence of Greene's *modus operandi*. Typically, evidence of prior bad acts to show conformity is not admissible under FRE 404(b)(1). However, under FRE 404(b)(2) where prior bad act evidence is used for another purpose such as *modus operandi*, it may be admissible. Plaintiff cites to *Molnar v. Booth* as supporting admission of the testimony for the purpose of establishing *modus operandi*. 229 F.3d 593, 603-604 (7th Cir. 2000) (the court allowed evidence that a co-worker complained about harassment to the harasser's subordinate as a *modus operandi* under FRE 404(b).). However, in *Molnar*, unlike here, the testimony was direct evidence from a co-worker who had, herself, been "come on" to by the defendant. *Id.* at 603. Certainly, if Combs, Rogers, or "Abby" were to testify as to the allegations, such evidence might well be admissible to establish a *modus operandi*. [2] That is not the case here. Rather, it appears from the record that Plaintiff will be offering Smith to relate to the jury what she heard others say about Greene's harassments.

[2] Smith testified in her deposition that Heather Combs said Greene "slapped her on the bottom"; that Barb Rogers said Greene would "rub up against her" and "touch her inappropriately". "Abby" and Greene might have been dating but, according to Smith, "Abby" would exchange "sexual favors" for being allowed to call off work. (Smith Dep, pp. 47-48)

"Once a party objects to the admission of other-act evidence, the proponent must "first establish that the other act is relevant to a specific purpose other than the person's character or propensity to behave in a certain way." *United States v. Edwards*, 26 F.4th 449, 454 (C.A.7 (Ill.), 2022) In other words, "the non-propensity relevance must be shown "through a chain of reasoning that does not rely on the forbidden inference that the person has a certain character and acted in accordance with that character on the occasion charged." (citation) Second, if the proponent successfully establishes that the evidence relates to a purpose other than impermissible propensity reasoning, the district court must evaluate under Rule 403 "whether the probative value of the other-act evidence is substantially outweighed by the risk of unfair prejudice." Id.

Here, though Plaintiff argues to allow the evidence based on *modus operandi*, it does not provide a non-propensity basis other than it shows that Greene conducted himself in a harassing way on prior occasions. At the core this exception to 404(b)(1) is the requirement that the prior acts show "sufficient commonalities", "unique patterns" or "signature linking" between all of the acts. *Id* at 454. The added problem here is that the evidence that the record suggests Plaintiff will be offering at trial is limited to Smith's account of what she was told about Greene by Combs, Rogers or "Abby". The unfair prejudice to Defendant by the jury hearing hearsay evidence of pattern of wrongs for the purpose of establishing something as compelling as "method of operation" is clear to the Court. Whatever the probative value of such evidence, it is substantially and far outweighed by its unfair prejudice and should be disallowed under Rule 403.

The Court is sensitive to the complexity of the matters in this case, particularly when otherwise inadmissible hearsay evidence might be admissible for a limited purpose. Accordingly, ruling on the Motion is **RESERVED**. However, Plaintiff shall not introduce, illicit or refer to evidence of Greene's behavior of harassment toward Combs, Rogers, or "Abby" based solely on Smith's conversation with those individuals. Plaintiff may with leave of Court proffer outside the presence of the jury direct evidence of Combs', Rogers' or "Abbey's" interactions with Greene where he harassed them or created a hostile work environment with his actions.

### 3. *Motion in Limine to Bar Opinion Testimony from Any Witness Regarding Any Legal Conclusion on What is or is Not a Sexual Advance or Sexual Harassment* (Doc. 52).

Defendant's Motion *in Limine* No. 3 seeks to bar opinion testimony from any witness regarding any legal conclusion on what is or is not a sexual advance or sexual harassment under FRE 403. Plaintiff disagrees and argues that terms utilized in statutes and by lawyers may also be used by lay persons and are nothing more than "colloquial speech". The Court agrees and **DENIES** the Motion to the extent Defendant seeks to bar the usage of such "colloquial speech" but **GRANTS** the Motion such that the attorneys are barred from eliciting from any witness any opinion testimony that consists of a legal opinion or conclusion.

**SO ORDERED.**

Dated: October 26, 2026

Judge Dugan

Digitally signed by Judge Dugan
Date: 2026.10.26 15:19:09 -05'00'

DAVID W. DUGAN
United States District Judge